miles an hour. On hearing the Kate's fog-signal, or certainly on coming in sight of her, which was from thirty to sixty yards off, he ported his helm in compliance with the eighteenth (American) rule of navigation. But he did not content himself with that manoeuvre, which would, in a distance of thirty to sixty yards, have certainly turned his prow to the right, and cleared the approaching vessels; the momentum of the Katy Wise and the propelling force of the engine giving effect to the movement of the rudder. But he did more. He did just what paralyzed the action of the rudder. He stopped his engine; indeed, his own testimony is that he reversed it. This additional action neutralized that designed to be secured by porting his helm; and the tug losing its impulsion forward, could obtain no help from the rudder to change its course; while the rudder, caught by the tide, bore the prow of the vessel to the left instead of the right, and helped to insure, if it did not cause, the collision which ensued. This is Captain Graham's own explanation of the manner in which the collision occurred. If this case depended upon rule 18, the Katy Wise was in fault; not, indeed, by omitting to port her helm as required, but in doing what was not required by that rule, and what defeated its purpose; that is to say, in stopping and probably reversing the engine which the rule implies must be kept in action. I say if this case turned upon rule 18 the Katy Wise was in fault in doing what was not required by that rule, and what defeated its purpose. The rule not only requires that the helm shall be ported but ported effectually.

There is another rule of navigation which might be claimed to govern this case, if the fog was not dense, the accident having occurred in the daytime. Though the rule is not in the schedule of statutory regulations, it is nevertheless universally recognized by mariners, especially among navigators of rivers. Where a vessel moving down with the curent meets a vessel coming up, the vessel moving slowest is less bound to precaution than the other. Waring v. Clarke, 5 How. [46 U. S.] 502; The Chester, 3 Hagg. Adm. 316. It is a universal rule that where a vessel incumbered with tows, or otherwise deprived of capacity to manoeuvre at will, is met by a vessel having no vessels in tow and moving free as to wind and tide, the vessel moving free must keep out of the way of the vessel incumbered and trammelled. Especially is this the case when a steamer is approaching a tug and her tows. The Syracuse, 9 Wall. [76 U. S.] 676, and cases there cited.

But while the two principles thus referred to undoubtedly bear upon the case at bar, I do not think that they entirely control it. I think that the public interests require that I should base my decision in the present case upon a principle of more direct importance to the navigation of the Potomac riv-

er, liable as that river is to the frequent recurrence of such fogs as that which prevailed on the morning of this collision. I hold that the Katy Wise was in fault in moving in such a manner, as to speed and incaution down the river on that morning, that she could not be diverted from colliding with a vessel which she was meeting, and which she saw, at a distance of thirty or sixty yards. This collision happened in consequence of the fact that the Katy Wise did not, within that distance of thirty to sixty yards, pass far enough to the right to avoid running into the Martha Washington. If she is to be excused for doing so on the score of inevitable accident, then it will be unsafe hereafter for vessels to move at all in the Potomac river during such fogs as that not extraordinary one which prevailed on the morning of the 30th of April last. A steamer moving in a fog is required by law to go at such a moderate rate of speed as will place her headway under such easy and ready command that she can be stopped within any distance within which other vessels may be seen by her lookout; and, going at a greater rate of speed than this, is a fault on her part. The Colorado [Case No. 3,028]; McCready v. Goldsmith, 18 How. [59 U. S.] 89; The Bridgeport [Case No. 1,861]; The Pennsylvania, [Id. 10,950]; and numerous other cases.

The event proved that the Katy Wise was moving without the caution required by law, and was in fault therein.

I will sign a decree of condemnation, and referring it to the commissioner to make report of the amount of damages sustained by the libellant.

## Case No. 4,405.

### ELLIS v. PATTERSON.

## Case No. 4,406.

### ELLISON et al. v. The BELLONA.

[Bee, 106.] [1]

District Court, D. South Carolina. Sept., 1798.

[1] [Reported by Hon. Thomas Bee, District Judge.]